IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JERRY MICHAEL EDWARDS,       )
          )
      Petitioner,       )
          )
v.           )     Case No. CIV-05-368-M
          )
RON WARD, *et al.*,       )
          )
      Respondents.       )

## REPORT AND RECOMMENDATION

Mr. Jerry Edwards is a state inmate who seeks a writ of habeas corpus under 28

U.S.C. § 2254.  The undersigned recommends[1] summary dismissal of the habeas petition.

### Background

In 1986, Mr. Edwards was convicted of distribution of robbery with a firearm.  The

Petitioner appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed in

1991.[2]

---

[1]    The action has been referred to the undersigned for findings and recommendations.  Order of Referral to United States Magistrate Judge (Apr. 1, 2005); *see* 28 U.S.C. § 636(b)(1)(B) (2000).

[2]    *Edwards v. State of Oklahoma*, 815 P.2d 670 (Okla. Crim. App. 1991).

Mr. Edwards filed an application for post-conviction relief in 1991.[3] The state district court denied the application,[4] and the OCCA affirmed in 1992.[5]

The Petitioner filed a second application for post-conviction relief on April 7, 2004.[6] The state district court denied the application,[7] and the OCCA affirmed.[8]

---

[3]    *See* Order Denying Application for Post-Conviction Relief, *Edwards v. State of Oklahoma*, Case No. CRF-86-267 (Okla. Co. Dist. Ct. Feb. 11, 1992).

[4]    Order Denying Application for Post-Conviction Relief, *Edwards v. State of Oklahoma*, Case No. CRF-86-267 (Okla. Co. Dist. Ct. Feb. 11, 1992).

[5]    Order Affirming Denial of Post-Conviction Relief, *Edwards v. State of Oklahoma*, Case No. PC-92-206 (Okla. Crim. App. June 10, 1992).

[6]    *See* Order Affirming Denial of Post-Conviction Relief at p. 1, *Edwards v. State of Oklahoma*, Case No. PC-04-894 (Okla. Crim. App. Nov. 15, 2004).

[7]    Order, *Edwards v. State of Oklahoma*, Case No. CF-86-267 (Okla. Dist. Ct. Aug. 4, 2004).

[8]    Order Affirming Denial of Post-Conviction Relief, *Edwards v. State of Oklahoma*, Case No. PC-04-894 (Okla. Crim. App. Nov. 15, 2004).

Mr. Edwards filed the habeas petition in this Court no earlier than March 28, 2005.[9] As grounds for habeas relief, Mr. Edwards asserts a lack of jurisdiction in the state district court.

## Timeliness of the Present Action

The present action is untimely because it was initiated after expiration of the limitations period.

## I.    Statute of Limitations

In federal habeas actions, the statute of limitations provides:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

---

[9]    The petition contains a verification signed by Mr. Edwards on March 28, 2005.  Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody at p. 9 (executed Mar. 28, 2005).  The petition is deemed filed when Mr. Edwards gave it to prison authorities for mailing.  *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a prisoner's notice of appeal is deemed "filed" when he delivers it "to prison authorities for forwarding to the district court").  In this situation, the Court should assume *arguendo* that Mr. Edwards had given the petition to authorities for mailing on the same day that he verified it.  *See Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) ("Liberal application of the mailbox rule . . . causes us to treat the [habeas] petition as placed in the hands of prison authorities on the same day it was signed." (citation omitted)); *see also United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate of service, which contains a declaration in compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely.").  Thus, the Court should assume *arguendo* that the habeas petition was filed on March 28, 2005.

of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[10]

## II.     The Petitioner's Reliance on 28 U.S.C. § 2244(d)(1)(B)

Mr. Edwards invokes 28 U.S.C. § 2244(d)(1)(B) in support of his contention that the habeas petition is timely.  This contention lacks merit.  Subsection 2244(d)(1)(B) applies only when a State-created impediment prevents timely filing.[11]  Once the impediment is removed, the one-year limitations period begins.[12]

In the habeas petition, Mr. Edwards alleges that the Information had not been properly filed.  Relying on Section 2244(d)(1)(B), the Petitioner suggests that the failure to properly file the Information created an impediment to timely filing.  According to the Petitioner, the appellate court acknowledged the error, triggering the one-year limitations period from the date of the OCCA's order.  But the Petitioner is mistaken for two reasons.

---

[10]     Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A)-(D) (2000).

[11]     *See supra* pp. 3-4.

[12]     *See id.*

First, contrary to the Petitioner's assertion, the OCCA did not acknowledge an error. Instead, the OCCA stated: "[T]he record indisputably shows that a Page 2 was indeed filed, and that leave of the trial court was obtained."[13]

Second, the Petitioner does not explain how improper filing of an Information would have impeded the filing of a habeas petition.[14]

For both reasons, the Court should reject the Petitioner's reliance on § 2244(d)(1)(B).

III.    The Petitioner's Reliance on 28 U.S.C. § 2244(d)(1)(D)

Alternatively, Mr. Edwards contends that Section 2244(d)(1)(D) is applicable, arguing that he only recently discovered that the Information had been improperly filed.  The Court should reject this argument.

Under Section 2244(d)(1)(D), the limitations period begins with discovery of the claim's factual predicate, rather than recognition of its legal significance.[15]  In 1991, the Petitioner sought post-conviction relief based on invalidity of the Information,[16] which is the

---

[13]    OCCA's Order Affirming Denial of Post-Conviction Relief at p. 3, *Edwards v. State of Oklahoma*, Case No. PC-04-894 (Okla. Crim. App. Nov. 15, 2004).

[14]    *See, e.g.*, *Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. Nov. 6, 2002) (unpublished op.) ("Weibley's claim is insufficient because he does not allege specific facts that demonstrate how his alleged denial of these materials impeded his ability to file a federal habeas petition" (citation omitted)).

[15]    *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) ("the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance"); *accord Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

[16]    *See* Order Denying Application for Post-Conviction Relief at p. 2, *Edwards v. State of Oklahoma*, Case No. CRF-86-267 (Okla. Co. Dist. Ct. Feb. 11, 1992).

same theory asserted here.  As a result, the Petitioner was obviously aware of the factual predicate for his eventual habeas claim as early as 1991.[17]  In these circumstances, the Court should reject Mr. Edwards' reliance on Section 2244(d)(1)(D).

IV.     Applicability of 28 U.S.C. § 2244(d)(1)(A)

Under 28 U.S.C. 2244(d)(1)(A), Mr. Edwards had one year to file a federal habeas petition.  Ordinarily this period begins to run when the conviction became final.[18]  But when Mr. Edwards was convicted, no statute of limitations existed.[19]  Thus, Mr. Edwards' one-year period of limitations did not begin to run until the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, April 24, 1996.[20]  Without statutory or equitable tolling, Mr. Edwards' period of limitations would have expired on April 24, 1997.[21]  Mr. Edwards did not initiate the present action until March 28, 2005, at the earliest,[22] which was over seven years later.

---

[17]     *See*, *e.g.*, *Buchanan v. Lamarque*, 121 Fed. Appx. 303, 317 (10th Cir. Jan. 19, 2005) (unpublished op.) ("the information contained in the court file should have been sufficient to provide the factual predicate of Buchanan's conflict of interest claim if he had exercised due diligence to pursue the claim as required by § 2244(d)(1)(D)").

[18]     *See supra* pp. 3-4.

[19]     *See Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

[20]     *See Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000).

[21]     *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003).

[22]     *See supra* p. 3 & note 9.

A.     <u>Statutory Tolling</u>

Under certain circumstances, federal law authorizes tolling of the limitations period. These circumstances are not present here.

The relevant statute provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[23]

In the absence of statutory tolling, the Petitioner's limitations period would have begun on April 24, 1996.[24]  But Mr. Edwards' first post-conviction proceedings had ended before the limitations period even began.[25]  And Mr. Edwards' second post-conviction proceedings began over six years after the limitations period had ended.[26]  Thus, the two post-conviction proceedings could not have affected the limitations period.[27]

---

[23]     Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2) (2000).

[24]     *See supra* p. 6.

[25]     *See supra* p. 2.

[26]     *See supra* p. 2.

[27]     *See Davis v. Madrid*, 194 F.3d 1320, 1999 WL 811671, Westlaw op. at 1 (10th Cir. Oct. 12, 1999) (unpublished op.) (stating that post-conviction applications did not toll the limitations period because they had been dismissed by 1992 and the limitations period did not begin until April 24, 1996); *Bowie v. Gibson*, 198 F.3d 257, 1999 WL 820269, Westlaw op. at 2 (10th Cir. Oct. 14, 1999) (unpublished op.) (stating that "the tolling provisions of 28 U.S.C. § 2244(d)(2) clearly do not apply because [the petitioner] filed his state post-conviction application after this limitation period ended").

B.    <u>Equitable Tolling</u>

The limitations period may be subject to equitable tolling "in rare and exceptional circumstances. . . ."[28] These circumstances are not present here.

To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control."[29] For example, equitable tolling may be appropriate when: (1) "a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent,"[30] (2) "an adversary's conduct - or other uncontrollable circumstances - prevents a prisoner from timely filing," or (3) "a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period . . . ."[31] None of the exceptions applies.

In the petition, Mr. Edwards alleges that the state court had lacked jurisdiction based on an allegedly improperly filed Information.[32] But this claim would not fit within the narrow exceptions for equitable tolling.[33]

C.    <u>Summary</u>

---

[28]    *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

[29]    *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted).

[30]    *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[31]    *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted).

[32]    *See supra* p. 3.

[33]    *See Warren v. Bruce*, 119 Fed. Appx. 204, 206 (10th Cir. Dec. 10, 2004) (unpublished op.) (holding that equitable tolling is unavailable when a habeas petitioner claims defects in the identification of charges in the charging document), *petition for cert. filed* (U.S. Mar. 8, 2005) (No. 04-9684).

The Petitioner is not entitled to statutory or equitable tolling. As a result, the limitations period expired on April 24, 1997. Mr. Edwards' filing of the habeas petition on March 28, 2005, was untimely and the Court should summarily dismiss the petition.

### Notice of Right to Object

The parties may seek review by filing an objection with the Clerk of this Court.[34] The deadline for objections is June 13, 2005.[35] The failure to timely object would foreclose appellate review of the suggested ruling.[36]

### Status of the Referral

The referral to the undersigned is terminated.

Entered this 24th day of May, 2005.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge

---

[34]      *See* 28 U.S.C. § 636(b)(1) (2000).

[35]      *See* W.D. Okla. LCvR 72.1(a).

[36]      *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").